KLEIN, Judge.
We reverse an order which resolved an attorney’s fee dispute between lawyer and chent in favor of the lawyer, because we conclude that, under the contingent fee contract, the contingency did not occur and fees were not recoverable.
Appellant Noble was initially represented by the firm of Weaver, Kuvin & Weaver in her negligence action against Bradford Marine. During that representation Bradford Marine made an offer of judgment in the amount of $120,000. Noble had received $114,000 from her own insurance company prior to filing the suit, and her own insurer was entitled to subrogation for that amount. Bradford Marine’s offer of judgment included payment of that subrogation claim in addition to the offer of $120,000.
Noble declined the offer, terminated her representation by the Weaver firm, but agreed that the Weaver firm would be paid 40% of $120,000 if she ultimately recovered it.
Noble then retained Douglas A. Willis, who undertook the case under the following terms, expressed in a letter prepared by Willis and signed by both:
This letter is to confirm our contract wherein I am to represent you in handling your lawsuit through trial in these matters. Pursuant to our agreement, you are hereby agreeing to pay me a sum of 20% of any amount of any judgment obtained against the Defendants in this case, Prime Time Charters and Bradford Marine, Inc. for any sums in excess of $120,000. If this is acceptable, please sign the letter and forward it back to my office.
At the time Noble retained Willis as her counsel, both Noble and Willis were aware of the subrogation claim by Noble’s insurer, however, the insurer had not become involved as a party in Noble’s lawsuit against Bradford. Noble’s insurer did file its subro-gation claim in the lawsuit prior to trial.
The trial resulted in a jury verdict for Noble against Bradford Marine in the amount of $180,000 plus prejudgment interest. After the trial court deducted the amount of the insurer’s subrogation claim, there remained $100,575.94, and the court thereupon entered judgment in that amount for Noble.
Noble’s counsel, Willis, then claimed he was entitled to an attorney’s fee of $12,000. He reasoned that under his fee agreement he was entitled to 20% of any amount over $120,000, and that since the verdict was $180,000, he was entitled to 20% of the $60,-000 difference. The trial court agreed and awarded Willis $12,000. Noble appeals, arguing that the contingent fee agreement provided that Willis would be paid 20% of any “judgment obtained ... for any sums in excess of $120,000”.
Since the contingent fee agreement does use the word “judgment”, not verdict, we conclude that Noble is correct. Since she did not obtain a judgment for an amount in excess of $120,000, the contingency did not occur, and Willis is not entitled to an attorney’s fee.
REVERSED.
GUNTHER and FARMER, JJ., concur.